**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-1115
_____

MOHAMMAD DIN,

        Plaintiff - Appellant,

    v.

MONTGOMERY COUNTY,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:20-cv-01001-TDC)

_____

Submitted:  September 8, 2022              Decided:  September 12, 2022

_____

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Jason Shafer, SHAFER ASSOCIATES, LLC, Rockville, Maryland, for Appellant.  John P. Markovs, Acting County Attorney, Edward B. Lattner, Chief, Division of Government Operations, Patricia Lisehora Kane, Chief, Division of Litigation, Jeannette Frumkin, Associate County Attorney, Kathryn Lloyd, Associate County Attorney, OFFICE OF THE COUNTY ATTORNEY, Rockville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammad Din, a man of Pakistani origin, with a hearing impairment, who was 69 years old at the time of suit, appeals the district court's order granting summary judgment to his employer, Montgomery County (the "County").  Din alleged age, national origin, and disability-based claims of failure to promote, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 to 634, Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112 to 12117.  We affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015).  "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)).  "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party."  *Id.* (internal quotation marks omitted).  In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party."  *Id.* at 565 n.1 (internal quotation marks omitted).  However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence."  *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

2

Absent direct evidence of discrimination, a plaintiff pursuing a claim under the ADEA, Title VII, and the ADA may rely on the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See id.* at 802 (Title VII); *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019) (ADEA); *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995) (ADA). Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. 411 U.S. at 802. Where a plaintiff makes a showing sufficient to support a prima facie case, the burden "shift[s] to the employer to articulate some legitimate, nondiscriminatory reason for the [contested employment action]." *Id.* If the employer does so, the burden shifts to the plaintiff to show that the employer's rationale is a pretext for discrimination. *Id.* at 804.

Din was one of three people who interviewed for a program specialist position at the County. Based on the job requirements, a panel rated the candidates on relevant factors and selected the highest rated candidate for the position, a 39-year-old African American who had been serving in the position in an interim capacity for over eight months. Our review shows the district court correctly concluded the County provided a legitimate, nondiscriminatory basis for selecting another applicant—the panel's scoring of each candidate—and that Din failed to show the County's proffered reason was a pretext for discrimination. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) ("[R]elative employee qualifications are widely recognized as valid, non-discriminatory bases for any adverse employment decision."). Further, Din failed to rebut the County's evidence that Din's supervisor, who made comments arguably giving rise to

3

an inference of discriminatory intent, had no role in the hiring process. Din's challenge on appeal to the court's reading of the job description does not undermine the court's finding that Din failed to rebut the County's showing that it did not hire Din because there was a more qualified candidate, and the parties agreed at summary judgment to facts supporting the court's interpretation. Finally, Din's allegation that the court did not view the evidence in the light most favorable to him is belied by the record.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*